# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIGN BASICS, LLC, | : |
| | : |
| Plaintiff, | : |
| | : CASE NO. _____ |
| vs. | : |
| | : |
| MTF ASSOCIATES, INC.; | : JURY DEMANDED |
| HAUBERT CONSTRUCTION, LLC, | : |
| d/b/a FOGARTY HOMES; | : |
| FOGARTY HOMES, INC.; | : |
| JF DEVELOPMENT CORPORATION; | : |
| JOHN FOGARTY CUSTOM BUILT | : |
| HOMES, INC. d/b/a DISTINCTIVE | : |
| HOMES BY FOGARTY; | : |
| JOHN T. FOGARTY; and | : |
| RANDALL E. HAUBERT, | : |
| | : |
| Defendants. | : |

## PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Design Basics, LLC (hereinafter, "DB"), by its undersigned attorneys, files this cause of action against the Defendants, MTF Associates, Inc. ("MTF"); Haubert Construction, LLC d/b/a Fogarty Homes ("Haubert Construction"); Fogarty Homes, Inc., ("Fogarty Homes"); JF Development Corporation ("JF Development"); John Fogarty Custom Built Homes, Inc. d/b/a Distinctive Homes by Fogarty ("JF Custom"); John T. Fogarty, individually

("Fogarty"); and Randall E. Haubert, individually ("Haubert") (collectively, "Defendants") and shows:

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3. Plaintiff, DB, is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics, LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of action) that Design Basics, Inc., owned as of that date.

4. The Defendant, MTF, is a for-profit Pennsylvania corporation with a principal office in Harrisburg, PA. MTF is in the business of marketing, development, construction and sales of residential houses.

5. The Defendant, Haubert Construction, is a for-profit Pennsylvania limited liability company with its principal office in Mifflintown,

PA.  Haubert Construction is in the business of marketing, developing, and selling residential houses and subdivisions.

6. The Defendant, Fogarty Homes, is a for-profit Pennsylvania corporation with a principal office in Lewisburg, PA.  Fogarty Homes is in the business of marketing, development, construction and sales of residential houses.

7. The Defendant, JF Development, is a for-profit Pennsylvania corporation with a principal office in Lewisburg, PA.  JF Development is in the business of marketing, development, and sales of residential subdivisions, lots, and houses.

8. The Defendant, JF Custom, is a for-profit Pennsylvania corporation with a principal office in Lewisburg, PA.  JF Custom is in the business of marketing, development, construction and sales of residential houses.

9. Defendant John T. Fogarty is an individual residing in Northumberland County, PA, who is the president, officer, director, manager and/or other principal of the entity Defendants.

10. Defendant Randall E. Haubert is an individual residing in Mifflintown, PA, who is an officer, director, manager and/or other principal of the entity Defendants.

**Facts**

11.     Since the early 1980s, DB has been a major publisher of home plan catalogs.  With the advent of the internet, and through DB's marketing of its works through the publishing of its designs on its website, and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

12.     DB is the sole original author and owner of a large number of copyright-protected architectural works, including those entitled the "1455 Newberry," "1752 Lancaster," "2203 Ashton," "2281 Ingram," "2619 Oakbrook," "3246 Jennings," "5148 Bowden," "8012 Pawnee Point," and "8503 Creedmoor" (collectively, the "Copyrighted Works").

13.     **Exhibit 1** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "1455 Newberry."

14.     **Exhibit 2** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "1752 Lancaster."

15.     **Exhibit 3** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "2203 Ashton."

16. **Exhibit 4** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "2281 Ingram."

17. **Exhibit 5** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "2619 Oakbrook."

18. **Exhibit 6** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "3246 Jennings."

19. **Exhibit 7** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "5148 Bowden."

20. **Exhibit 8** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "8012 Pawnee Point."

21. **Exhibit 9** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "8503 Creedmoor."

22. The Copyrighted Works described in paragraphs 12 through 21 above were independently created by – and are original to – DB. In creating these

works, DB met the required "minimal degree of creativity" in architectural design, both as pictorial works and to the designs themselves as architectural works. The Copyrighted Works each contain the following non-exhaustive list of protectable elements:

  a. The relationship, arrangement and composition of the spaces and elements;

  b. The spatial relationships of the spaces and elements to all other spaces and elements;

  c. The sizes and shapes of the rooms, and their spatial relationships to each other;

  d. The arrangement and spatial relationships of the walls, flue chases, drop-downs, windows and doors within the floor plan;

  e. The locations and spatial relationships between and among the placement of appliances, counter tops, and cabinets;

  f. The placement of closets throughout the house;

  g. The locations of and spatial relationships between and among toilets, shower/tubs and lavatories in the bathrooms;

  h. The locations of porches, entryways, patios and front and rear or patio doors; and

        i.     The overall form of the houses, including but not limited to the "look and feel'' of the plan/design (including both the floor plan and outside elevation), and the manner in which the traffic flows through the house.

      23.     Defendants engaged, at least in part, in the business of drafting, publishing, distributing, and advertising residential home designs through traditional print media and – at least with regard to Fogarty Homes, and upon information and belief other named Defendants – on the internet on sites such as www.fogartyhomes.com.  On January 10, 2014, DB first became aware that Defendants had violated their copyrights in one or more distinct ways.  On said date, DB saw several plan designs being advertised and marketed on a website owned and operated by one or more of the Defendants, www.fogartyhomes.com, that were substantially similar or were strikingly similar (specifically with regard to all protectable elements contained within the Copyrighted Works, including but not limited to those elements described in paragraph 22(a) – (i) above) to the Copyrighted Works described in paragraphs 12 through 21 above.

      24.     DB preserved Defendants' infringing works by making screen captures (**Exhibit 10**).  The works discovered at that time were:

        a.     Defendants' "Trenton" – DB's 1455 Newberry

        b.     Defendants' "Windemere" – DB's 1752 Lancaster

        c.     Defendants' "Windemere II" – DB's 1752 Lancaster

      d.      Defendants' "Flagstaff" – DB's 2203 Ashton

      e.      Defendants' "Greenbriar" – DB's 2281 Ingram

      f.      Defendants' "Greenbriar II" – DB's 2281 Ingram

      g.      Defendants' "Oakwood" – DB's 2619 Oakbrook

      h.      Defendants' "Winslow" – DB's 3246 Jennings

      i.      Defendants' "Oakbrook" – DB's 5148 Bowden

      j.      Defendants' "Whitfield" – DB's 8012 Pawnee Point

      k.      Defendants' "Sinclair" – DB's 8503 Creedmore

25. When DB checked its records, it found that none of the Defendants had ever licensed any of the Copyrighted Works. Additionally – and although Defendant Fogarty Homes, through Defendant John T. Fogarty, ordered and was sent several DB plan catalogs – none of the named Defendants had ever purchased a license to use any of DB's works. Attached hereto as **Exhibit 11** is Defendants' Order History with DB.

26. DB also regularly and systematically handed-out and/or mailed publications containing DB's house plans to members of the National Association of Home Builders ("NAHB"), including those members of the Central Susquehanna Builders Association ("CSBA") and the West Branch Susquehanna Builders Association ("WBSBA"). Defendant Haubert Construction is listed as a member of the CSBA, and Defendant Fogarty Homes is listed as a member of the

WBSBA.  Attached hereto as **Exhibit 12** are the membership listings from the CSBA's and WBSBA's websites.  Upon information and belief, all of the plans and elevations of the Copyrighted Works at issue in this case were within one or more of the plan books handed out and/or mailed by DB to Defendants as part of DB's normal business practice.

27.    All of the Copyrighted Works within these plan catalogs and/or publications which were mailed to and received by Defendants, prominently displayed DB's copyright management information ("CMI"), ensuring that anyone who received said plan catalogs and/or publications knows that DB owns all rights and title to the Copyrighted Works.  Additionally, each of these plan catalogs prominently displays the URL for DB's website, and explains that without the purchase of a license, use of the designs displayed in the catalogs is copyright infringement.  (**Exhibit 13**).

28.    Additionally, DB's home designs, including the Copyrighted Works, have been marketed for years on a nationwide basis, including in this District, by means of the widespread distribution of plan catalogs, periodicals, and other publications including by third-party marketers, as well as through internet marketing efforts, including but not limited to on DB's website, www.designbasics.com.  At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyrighted Works.  All of the

Copyrighted Works marketed on www.designbasics.com also prominently display DB's CMI, ensuring that anyone who views such works on DB's website knows that DB owns all rights and title to the Copyrighted Works.  Despite this, when DB discovered that Defendants had reproduced unauthorized copies of DB's Copyrighted Works and published such copies on their website www.fogartyhomes.com, DB noticed that none of the infringing works posted contained DB's CMI.  Upon information and belief, one or more of the Defendants (or a third-party acting on behalf of one or more of the Defendants) had removed DB's CMI from these infringing works without authorization, knowing or having reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of DB's copyrights.

29. In addition to reproducing unauthorized copies of DB's Copyrighted Works and posting such copies on Defendants' website(s) for purposes of advertising, marketing and/or promotion, one or more of the Defendants constructed one or more three-dimensional infringing copies (houses) of these works.

30. Additionally, on information and belief, one or more of the Defendants, had a financial interest in the infringing activities, and/or realized profit attributable to infringing activities, including but not limited to the

construction of one or more three-dimensional infringing copies (houses) of these works.

31.  Each three-dimensional copy constructed by Defendants as alleged in paragraph 24 (a) – (k) above constitutes a derivative work infringing Plaintiff's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

**Contributory and Vicarious Liability of Principals**

32.  Because Fogarty and Haubert are principals, owners, officers, and/or managers of the entity Defendants, or otherwise had control of them, they had knowledge of the entity Defendants' infringing activities, and materially contributed to the infringement by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the entity Defendants' copying, distributing, marketing, construction, and/or sales of known infringing designs and houses.

33.  The conduct of the entity Defendants described above, was performed and/or accomplished through the direction, control and conduct of Fogarty and/or Haubert personally, as owners, officers, directors and/or managers of the entity Defendants.  Fogarty and/or Haubert had the right and ability to supervise the infringing activities, including but not limited to preventing the entity Defendants from infringing DB's works, and/or stopping the infringements once they began.  Additionally, on information and belief, Fogarty and/or Haubert

received direct financial benefit from the acts of infringement by the entity Defendants. Accordingly, Fogarty and/or Haubert are personally liable to DB as joint and/or contributory infringers, or are otherwise vicariously liable.

34. The illicit acts of the Defendants, described in paragraphs 23 through 33 above were done without permission or license from DB, and are in violation of DB's exclusive copyrights in said works.

35. Upon information and belief, Defendants have infringed DB's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of and through the discovery process.

### Causes of Action for Non-Willful Copyright Infringement
### Count One
### Violations of 17 U.S.C. §106(1)

36. DB re-alleges and incorporates paragraphs 11 through 35 above as if fully set forth herein.

37. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 21 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Two
## Violations of 17 U.S.C. §106(5)

38. DB re-alleges and incorporates paragraphs 11 through 35 above as if fully set forth herein.

39. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 21 above by publicly displaying, on their website(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Three
## Violations of 17 U.S.C. §106(2)

40. DB re-alleges and incorporates paragraphs 11 through 35 above as if fully set forth herein.

41. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 21 above by creating derivatives of Plaintiff's works in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Four
### Violations of 17 U.S.C. §106(3)

42. DB re-alleges and incorporates paragraphs 11 through 35 above as if fully set forth herein.

43. Defendants, without knowledge or intent, infringed on one or more of Plaintiff's copyrighted works identified and described in paragraphs 12 through 21 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Alternative Causes of Action for Willful Copyright Infringement
## Count Five
### Violations of 17 U.S.C. §106(1)

44. DB re-alleges and incorporates paragraphs 11 through 35 above as if fully set forth herein.

45. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 21 above by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of DB's works which are as yet undiscovered.

## Count Six
## Violations of 17 U.S.C. §106(5)

46. DB re-alleges and incorporates paragraphs 11 through 35 above as if fully set forth herein.

47. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 21 above by publicly displaying, on their website(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

## Count Seven
## Violations of 17 U.S.C. §106(2)

48. DB re-alleges and incorporates paragraphs 11 through 35 above as if fully set forth herein.

49. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 21 above by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

**Count Eight**
**Violations of 17 U.S.C. §106(3)**

50. DB re-alleges and incorporates paragraphs 11 through 35 above as if fully set forth herein.

51. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 21 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3) and on information and belief, have done so with others of their works which are as yet undiscovered.

**Violations of the Digital Millennium Copyright Act ("DMCA")**
**Count Nine**
**Violations of 17 U.S.C. §1202**

52. DB re-alleges and incorporates paragraphs 11 through 35 above as if fully set forth herein.

53. Additionally and/or alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

54. In creating the drawings identified above, one or more of said Defendants intentionally removed and/or omitted DB's copyright management information, or had them removed or omitted from copies of DB's works.

55. One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without authorization.

56. At the time said Defendants removed DB's copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of DB's copyrights.

57. DB is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

58. Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled to and seeks to recover their reasonable attorneys' fees.

**Conclusion and Prayer**

WHEREFORE, DB demands that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. For DB's actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D. In the alternative, at DB's option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and

elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

      I.    An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

J. For such other relief as the Court determines to be just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Date: January 5, 2017

*s/Dana A. LeJune* (*Pro hac vice* to be filed)
Dana A. LeJune (Texas Bar No.: 12188250)
LEJUNE LAW FIRM
6525 Washington Avenue
Suite 300
Houston, Texas 77007
713.942.9898
713.942.9899 (fax)
dlejune@triallawyers.net

*s/Justin G. Weber*
Brian P. Downey (PA 59891)
Justin G. Weber (PA 89266)
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
downeyb@pepperlaw.com
weberjg@pepperlaw.com

Paul J. Kennedy (PA 39291)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
215.981.4000
215.981.4750 (fax)
kennedyp@pepperlaw.com

*Attorneys for Plaintiff*