IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | : | |
|     Plaintiff | : | No. 1:17-cv-00031 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MTF ASSOCIATES, INC., et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court are Defendants Haubert Construction, LLC d/b/a Fogarty Homes, Fogarty Homes, Inc., and Randall E. Haubert's (the "Haubert Defendants") motion for leave to file an amended answer and affirmative defenses (Doc. No. 37), and Defendants MTF Associates, Inc., Fogarty Homes, Inc., JF Development Corporation, John Fogarty Custom Built Homes, Inc. d/b/a Distinctive Homes by Fogarty, and John T. Fogarty's (the "Fogarty Defendants") motion for leave to file an amended answer and affirmative defenses (Doc. No. 41).[1] For the reasons provided herein, the Court will deny both motions.

### I. BACKGROUND

The instant dispute arises out of the alleged copyright infringement of residential home designs and architectural plans. (Doc. No. 37 ¶ 1.) Plaintiff Design Basics, LLC ("Plaintiff"), is a Nebraska limited liability company engaged in the business of creating, publishing, and licensing architectural plans and designs. (Doc. No. 1 ¶ 3.) Plaintiff owns a large number of copyright-protected architectural works. (Id. ¶ 12). Defendants are entities that Plaintiff alleges infringed a portion of Plaintiff's copyright-protected architectural works. (Id. ¶ 23).

---

[1] The Court refers to the Haubert Defendants and the Fogarty Defendants as "Defendants."

On January 5, 2017, Plaintiff filed a complaint in this Court, asserting four counts of non-willful copyright infringement under 17 U.S.C. §106, four counts of willful copyright infringement under 17 U.S.C. §106, and one count alleging a violation of the Digital Millennium Copyright Act under 17 U.S.C. §1202. (Doc. No. 1 ¶¶ 36-58). On February 17, 2017, the Fogarty Defendants filed an answer and asserted a crossclaim against the Haubert Defendants seeking contribution and indemnification. (Doc. No. 10 ¶ 92.) The Haubert Defendants filed an answer as to Plaintiff's complaint (Doc. No. 1), and the Fogarty Defendants' crossclaim (Doc. No. 10), on February 17, 2017 (Doc. No. 12). In their answer, the Haubert Defendants also asserted a crossclaim against the Fogarty Defendants seeking contribution and indemnification. (Doc. No. 12 ¶ 28.) On March 3, 2017, the Fogarty Defendants filed an answer to the crossclaim asserted by the Haubert Defendants. (Doc. No. 14.)

On April 18, 2018, during the course of the parties' discovery, several of Plaintiff's principals were deposed. (Doc. No. 37 ¶ 5.) During these depositions, information related to the Plaintiff's enforcement of its copyrights through litigation was elicited. (Id. ¶ 8.) Additionally, Paul Foresman, Plaintiff's vice president and director of business development ("Mr. Foresman"), testified that Plaintiff had previously paid a finder's fee to its employees if it secured a monetary settlement from copyright infringement the employee had identified. (Id. ¶ 9.) Carl Cuozzo, one of Plaintiff's senior designers, indicated that Plaintiff ceased paying its employees finder's fees in September of 2017. (Id. ¶ 16.) This change in policy occurred shortly after the issuance of an opinion by the Seventh Circuit in a case to which Plaintiff was a party.[2] (Id.) The parties completed fact discovery on September 4, 2018. (Doc. No. 47.)

---

[2] Design Basics LLC v. Lexington Homes, Inc., 858 F.3d 1093 (7th Cir. 2017).

On October 11, 2018, the Haubert Defendants filed a motion for leave to file an amended answer and affirmative defenses (Doc. No. 37), accompanied by a motion to compel discovery of Plaintiff's accounting of gross settlement revenues from copyright infringement claims filed from 2009 to the present (Doc. No. 39). On October 18, 2018, the Fogarty Defendants filed a motion for leave to file an amended answer and affirmative defenses. (Doc. No. 41.) Both Defendants seek to amend their answers to assert the affirmative defense of copyright misuse. (Doc. Nos. 37, 41.) Plaintiff filed an unopposed motion to stay the briefing schedule on October 19, 2018 (Doc. No. 42), as to the Haubert Defendants' motion to compel (Doc. No. 39). Plaintiff filed a brief in opposition (Doc. No. 47), to the Haubert Defendants' motion (Doc. No. 37), on October 25, 2018. Plaintiff filed a second brief in opposition (Doc. No. 50), to the Fogarty Defendants' motion (Doc. No. 41), on November 9, 2018.[3] Defendants did not file reply briefs, and the period in which to do so has elapsed. As a result, Defendants' motions are ripe for disposition.

## II.   LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While Rule 15 liberally permits leave to amend be "freely given," a district court may deny leave to amend if the movant's delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or is futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). It is within the

---

[3] Additionally, the Haubert Defendants filed a motion for summary judgment (Doc. No. 54), and the Fogarty Defendants and Plaintiff each filed motions for partial summary judgment on November 13, 2018. (Doc. Nos. 57, 60). The Court issued an Order extending the time to file responsive briefs to February 1, 2019 to allow for the disposition of Defendants' instant motions. (Doc. No. 65.)

sound discretion of the trial court to determine whether a party shall be granted leave to amend pleadings. See id.

Futility of amendment occurs when the amended pleading does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (internal citations omitted). The Third Circuit has held that "the trial court may properly deny leave when the amendment would not withstand a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6). Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Assertions that leave to amend an answer would be futile are also reviewed under the "motion to dismiss" standard. See, e.g., Miller v. Beneficial Mgmt. Corp., 844 F. Supp. 990, 1001 (D.N.J. 1993). Under this standard, the Court must accept as true the allegations in the proposed amended answer and construe those allegations in the light most favorable to the moving party. Id.

In the Third Circuit, "prejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993) (quoting Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n., 573 F.2d 820, 823 (3d Cir. 1978)). When considering prejudice, the hardship on the non-movant is the Court's focus. See Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). The non-moving party must do more than claim prejudice, however, "it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981)). In deciding whether the non-

moving party is prejudiced by the delay in amendment, the Court considers whether allowing an amendment would result in "additional discovery, cost, and preparation to defend against new facts or new theories." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). The Third Circuit has also held that prejudice exists when there is "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." Deakyne v. Comm'rs of Lewes, 416 F.2d 290, 300 (3d Cir. 1969).

In addition to prejudice, a movant's undue delay is also a ground for denying leave to amend, although the Third Circuit has held that the mere passage of time does not require that a motion to amend a pleading be denied. See Adams, 739 F.2d at 868. At some point, however, the movant's delay "will become 'undue,' placing an unwarranted burden on the [C]ourt, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams, 739 F.2d at 868. Delay may become undue when a movant has had previous opportunities to amend. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). In weighing whether the movant has unduly delayed in filing a motion to amend a pleading, therefore, the Court's focus is on the movant's motives for not amending. See Adams, 739 F.2d at 868.

### III. DISCUSSION

#### A. Arguments of the Parties

In their motions (Doc. Nos. 37, 41), Defendants both seek leave to file an amended answer for the identical purpose of asserting the affirmative defense of copyright misuse. In support of their motions, Defendants advance nearly the same arguments in favor of amending. (Doc. Nos. 38, 48.) Specifically, Defendants address the four grounds upon which district courts may deny leave to amend: (1) undue delay; (2) prejudice to Plaintiff; (3) bad faith or dilatory motive; and (4) futility of amendment. See Foman, 317 U.S. at 182.

5

The Haubert Defendants state that the period between the depositions of Plaintiff's principals and the filing of their motion (Doc. No. 38), does not constitute undue delay because it "presents no burden upon this [Court] to allow [the Haubert Defendants] time to file an amended pleading" (id. at 9).[4] The Fogarty Defendants similarly state that they have not "unduly delayed in filing this [m]otion because amendment would not create a burden upon Plaintiff or this Court." (Doc. No. 48 at 9.) The Fogarty Defendants further argue that they did not discover that Plaintiff filed numerous copyright infringement suits and paid its employees finder's fees until the Seventh Circuit's decision in Design Basics LLC, 858 F.3d 1093 (7th Cir. 2017), and the depositions of Plaintiff's principals on April 8, 2018. (Id.) The Haubert Defendants make the same argument, stating that, while the Haubert Defendants had the information obtained in Design Basics LLC, on the date the opinion was issued, that information could not be confirmed until Plaintiff's principals were deposed. (Doc. No. 38 at 8.)

Defendants next argue that Plaintiff will not be prejudiced if the Court grants leave to amend Defendants' respective answers. (Doc. No. 38 at 9.) The Haubert Defendants state that Plaintiff has been aware of the Seventh Circuit's holding in Design Basics LLC for over one year and that, therefore, Plaintiff would anticipate that the opinion "would be [used] against it" in other suits to which it is a party. (Doc. No. 38 at 9.) The Haubert Defendants further aver that Plaintiff "will not be forced to expend additional resources outside of the discovery that has already been conducted because Plaintiff seemingly maintains all of the records it would need to refute copyright misuse claims, including the direct testimony of its principals on that issue."

---

[4] The Haubert Defendants allege incorrectly that four months elapsed between April 18, 2018, the date of Plaintiff's principals' depositions, and the filing of their motion (Doc. No. 37), on October 11, 2018. (Doc. No. 38 at 9). The Court observes that this period is five months and 23 days.

6

(Id. at 9-10.) The Fogarty Defendants advance a similar argument, stating that Plaintiff will not face undue prejudice because "it will not be forced to expend additional resources in addition to the discovery that has already occurred," and that "Plaintiff is presumably already in possession of all the records it would need to contest a copyright misuse claim." (Doc. No. 48 at 9.)

Defendants both argue that their motions are not futile because the Third Circuit has held that copyright misuse is an acceptable affirmative defense and they can successfully state a claim for copyright misuse. (Doc. No. 38 at 9, Doc. No. 48 at 9.) Specifically, the Haubert Defendants' allege that, in establishing a scheme that incentivized Plaintiff's employees to find violations of its copyrights and then pursued litigation in defense of those copyrights, Plaintiff is "attempting to use its copyrights as a sword rather than a shield," which "is directly at odds with the intellectual property clause in the Constitution and the Copyright Act itself." (Doc. No. 38 at 9.) Similarly, the Fogarty Defendants allege that, in filing lawsuits "with the intent of exacting settlement payments from the alleged infringers," Plaintiff is using its copyright "to restrain, rather than promote, creative expression." (Doc. No. 48 at 7.)

In opposing Defendants' motions, Plaintiff filed two briefs that advance largely identical arguments.[5] (Doc. Nos. 47, 50.) First, Plaintiff argues that Defendants have unduly delayed in filing of their motions in that more than five months have elapsed between the depositions of Plaintiff's principals on April 18, 2018 and the filing of Defendants' motions in October of 2018. (Doc. No. 47 at 6, 7.) Plaintiff argues that the information obtained during the depositions is not "newly discovered information." (Id. at 7.) Plaintiff also states that Defendants do not provide

---

[5] Plaintiff indicates in its later-filed brief (Doc. No. 50), that because the Fogarty Defendants' brief "essentially mirrors" the Haubert Defendants' brief, as well as the fact that the "posture of the case has not significantly changed," Plaintiff's brief "essentially mirrors" Plaintiff's earlier-filed brief (Doc. No. 47). The Court observes that the briefs are substantively identical.

7

an explanation as to why they did not seek leave to amend at an earlier stage in the parties' litigation. (Id.; Doc. No. 50 at 6, 7.) Plaintiff avers that Defendants have had multiple opportunities to amend their answer to include the affirmative defense of copyright misuse, yet they waited until after the close of discovery and initial expert disclosures, and just prior to the filing of dispositive motions to seek leave to amend. (Doc. No. 47 at 8, 9.)

Plaintiff next argues that it would be prejudiced if the Court were to grant Defendants' motions. (Doc. No. 47 at 9.) Specifically, Plaintiff avers that it will have no opportunity to seek discovery in defense of Defendants' allegations of copyright misuse since fact discovery closed on September 4, 2018. (Id.) Plaintiff states that had Defendants moved for leave to amend soon after the depositions of Plaintiff's principals, Plaintiff would have had an opportunity to conduct discovery related to the alleged copyright misuse. (Id.) Specifically, Plaintiff avers that had Defendants raised this affirmative defense earlier, Plaintiff "would have had the chance to serve written interrogatories, admissions, and/or requests for production; ask related and pointed questions during depositions; and/or addressed these issues within expert reports." (Doc. No. 50 at 7, 8.) Plaintiff argues that it has lost the opportunity to address the allegations of copyright misuse because Defendants waited until after the close of fact discovery to file the instant motions. (Doc. No. 47 at 9.)

Lastly, Plaintiff argues that amendment of Defendants' answers to include a copyright misuse affirmative defense would be futile because Defendants have failed to state a claim for copyright misuse. (Id. at 11.) Plaintiff further argues that the Haubert Defendants "have made no claim that [Plaintiff] is asserting rights beyond those granted in it copyright registrations" and that the Haubert Defendants "do not challenge the validity and/or scope of [Plaintiff's] copyright

8

registrations whatsoever." (Id. at 12.) Plaintiff makes the identical argument with regard to the Fogarty Defendants. (Doc. No. 50 at 11.)

B. **Whether Defendants Should be Granted Leave to File Amended Answers**

The Court will deny Defendants' motions for leave to amend as Defendants fail to allege facts necessary to support a reasonable inference of copyright misuse. Copyright misuse is based upon the equitable principle that courts "may appropriately withhold their aid where the plaintiff is using the right asserted contrary to the public interest." FMC Corp. v. Control Sols., Inc., 369 F. Supp. 2d (E.D. Pa. 2005) (quoting Morton Salt v. G. S. Suppiger Co., 314 U.S. 488, 492 (1942)). "Misuse is not cause to invalidate the copyright or patent, but instead 'precludes its enforcement during the period of misuse.'" Video Pipeline, Inc., v. Buena Vista Home Ent'mt, Inc., 342 F.3d 191, 204 (3d Cir. 2003) (citing Practice Mgmt. Info. Corp. v. Am. Med. Assoc., 121 F.3d 516, 520 n. 9 (9th Cir. 1997)).

The doctrine of copyright misuse is "principally aimed at avoiding anticompetitive conduct that contravenes the goal of copyright law – 'to stimulate artistic creativity for the general public good.'" Malibu Media, LLC v. Doe, No. 4:15-cv-2281, 2018 WL 5841866, at *10 (M.D. Pa. Nov. 8, 2018) (citing Video Pipeline, 342 F.3d at 204). Misuse exists where a copyright holder has engaged in some form of anti-competitive behavior. See Practice Mgmt., 121 F.2d at 521 (finding copyright misuse where license to use copyrighted good prohibited licensee from using competing goods); see also Lasercomb, Am., Inc. v. Reynolds, 911 F.2d 970, 979) (finding that a copyright holder misused its copyright by including in licensing agreements a provision that neither the licensee company nor its officers or its employees could develop competing goods for the ninety-nine year term of the agreement).

As noted above, the Haubert Defendants' allege that, in establishing a scheme that incentivized Plaintiff's employees to find violations of its copyrights and then pursued litigation in defense of those copyrights, Plaintiff is "attempting to use its copyrights as a sword rather than a shield," which "is directly at odds with the intellectual property clause in the Constitution and the Copyright Act itself." (Doc. No. 38 at 9.) Similarly, the Fogarty Defendants allege that, in filing lawsuits "with the intent of exacting settlement payments from the alleged infringers," Plaintiff is using its copyright "to restrain, rather than promote, creative expression." (Doc. No. 48 at 7.) These allegations do not, however, support a reasonable inference of copyright misuse.

While Defendants' allegations suggest that Plaintiff engaged in an aggressive litigation strategy in defense of its copyrights, Defendants do not allege facts that suggest that this strategy constituted anti-competitive behavior. Plaintiff's copyright claim is not "likely to interfere with creative expression to such a degree that [it] affect[s] in any significant way the policy interest in increasing the public store of creative activity." Video Pipeline, 342 F.3d at 206. Further, the copyright misuse defense fails where a plaintiff merely seeks to enforce its copyright, and nothing more. See Arista Records, Inc. v. Flea World, Inc., 356 F. Supp. 2d 411, 428-29 (D.N.J. 2005) ("the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse."). Defendants have only alleged that Plaintiff is seeking to enforce its own copyrights and nothing more. Accordingly, the Court concludes that Defendants' motions for leave to amend do not state a claim for copyright misuse and thus amendment would be futile.

Having found that leave to amend would be futile, the Court will not take up Plaintiff's arguments regarding prejudice and undue delay. The Court next addresses the Haubert Defendants' motion to compel.

### C. The Haubert Defendants' Motion to Compel

On October 11, 2018, in addition to their motion for leave to file an amended answer and affirmative defenses (Doc. No. 37), the Haubert Defendants filed a motion to compel discovery of Plaintiff's accounting of gross settlement revenues from copyright infringement claims filed from 2009 to the present (Doc. No. 39). In their motion to compel, the Haubert Defendants state that "a complete accounting of Plaintiff's gross settlement revenues from 2009 to present is both relevant and germane to the affirmative defense of copyright misuse." (Id. at 5.)

Motions to compel discovery must be filed within the time allowed for discovery itself. See Finizie v. Shineski, 351 Fed. Appx. 668, 672 (3d Cir. 2009) (affirming district court's denial of motion to compel that was filed at least two weeks "after discovery had closed."); Rossetto v. Pabst Brewing Co., 217 F.3d 529, 542 (7th Cir. 2000) (finding no merit to contention that district court's denial of discovery motion was error where the motion was filed two months after the date set by the court for the completion of discovery and the plaintiffs gave no excuse for delay); Frazier v. SCI Medical Dispensary Doctor + 2 Staff Members, 1:07-0194, 2009 WL 136724, at *2 (M.D. Pa. Jan. 6, 2009) ("A motion to compel after the close of discovery is not timely and will be denied absent special circumstances."); Days Inn Worldwide, Inc. v. Sonia Investments, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (holding that motion to compel must be filed before close of discovery); Banks v. CBOCS West, Inc., No. 01 C 0795, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004) (holding that motion to compel filed two months after the close of discovery was untimely). The Haubert Defendants filed their motion to compel on October 11, 2018, more than a month after the close of fact discovery on September 4, 2018. Furthermore, the Haubert Defendants provide no explanation for their delay in filing their motion. Given that the Haubert

Defendants' motion was filed after the close of fact discovery in the instant litigation and is thus not timely, the Court will deny the Haubert Defendants' motion to compel (Doc. No. 39).

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motions to amend (Doc. Nos. 37, 41). The Court will also deny the Haubert Defendants' motion to compel (Doc. No. 39). An Order consistent with this Memorandum follows.